UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

EDUARDO BURTON and DAJANIC PAGAN,

                                    Plaintiffs,

      -against-

CITY OF NEW YORK, JOHN USKE, Individually,
STEPHEN DALY, Individually, MATTHEW VAHEY,
Individually, PATRICK BARRY, Individually,
LENNO HENDRICKS, Individually, SHAWN SOLER,
Individually, KENNETH PAEK, Individually DANIEL KEANE,
Individually, DENNIS MOGELNICKI, Individually,
ERIC MILLER, Individually, "JOHN" RICHARDSON,
Individually, JOHN BRESLIN, Individually,
DAVID CHEESEWRIGHT, Individually, LEONARD CLARKE,
ANDREW KAMNA, Individually, LAWRENCE HOTALING,
KELLAN O'NEILL, Individually, GERARD FENTON,
Individually, CHRISTOPHER GRIFFITH, Individually,
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.

**AMENDED COMPLAINT**

19 CV 06677
(PKC) (ST)

Jury Trial Demanded

---------------------------------------------------------------------------------X

Plaintiffs EDUARDO BURTON and DAJANIC PAGAN, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## **Preliminary Statement**

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff EDUARDO BURTON additionally asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff EDUARDO BURTON is a twenty-eight-year-old resident of Brooklyn, New York.

7. Plaintiff DAJANIC PAGAN is a twenty-three-year-old resident of Brooklyn, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, JOHN USKE, STEPHEN DALY, MATTHEW VAHEY, PATRICK BARRY, LENNO HENDRICKS,

SHAWN SOLER, KENNETH PAEK, DANIEL KEANE, DENNIS MOGELNICKI, ERIC MILLER, "JOHN" RICHARDSON, JOHN BRESLIN, DAVID CHEESEWRIGHT, LEONARD CLARKE, ANDREW KAMNA, LAWRENCE HOTALING, KELLAN O'NEILL, GERARD FENTON, CHRISTOPHER GRIFFITH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On February 27, 2018, at approximately 6:15 a.m., plaintiffs were overnight guests and asleep at a friend's house located at 790 Eldert Lane, Apt. 10F, when defendant NYPD officers Sergeant STEPHEN DALY, MATTHEW VAHEY, PATRICK BARRY, LENNO HENDRICKS, SHAWN SOLER, KENNETH PAEK, DANIEL KEANE, DENNIS MOGELNICKI, ERIC MILLER, and "JOHN" RICHARDSON, assigned to the Emergency Services Unit (hereinafter ("ESU"), entered the apartment.

14. The ESU defendants forcibly broke down the door to apartment 10F without knocking, entered the apartment in riot gear, with guns drawn, and bright flashlights shining, causing fear and alarm to the plaintiffs and other occupants.

15. Plaintiffs were present at the apartment as overnight guests, and neither resided in the apartment nor were they targets of the warrant. Upon information and belief, the target was a resident of the apartment, who had purportedly been observed posing with a firearm in a photograph. The defendants officers thus knew who the actual target was by both name and sight prior to entering the apartment.

16. Approximately five of the defendant ESU officers entered the bedroom plaintiffs were sleeping in, pointed guns at them, shone lights in their faces, pulled the blanket off of plaintiffs and yelled at them. The plaintiffs were either naked or semi-naked in the bed.

17. A defendant ESU officer grabbed plaintiff BURTON, who was naked, from the bed, and handcuffed him.

18. Plaintiff PAGAN, who was partially clothed only in a sheer top with no undergarments on or other covering of her private areas, was grabbed and handcuffed by an ESU officer, and forced to sit on the bed in the presence of male officers for an extended period of time. Plaintiff PAGAN asked to get dressed but was told she had to wait for a female officer to arrive.

19. Upon JANE DOE 1's arrival, rather than being allowed to dress in the bedroom, in further violation of her privacy, plaintiff PAGAN was escorted out of the bedroom and forced to walk handcuffed in front of numerous male officers, while clothed only in the sheer top and nothing else, to a bathroom located off the living room, where she was allowed to dress in the clothes she had from the night before.

20. Plaintiff PAGAN had, however, been out at a club the night before and was clothed in a revealing outfit, which added to her continued discomfort around the defendant officers.

21. After dressing in the bathroom, plaintiff PAGAN was brought to the living room, where she remained handcuffed, and seated on a couch.

22. Plaintiff BURTON was held in the bedroom standing naked and handcuffed in the presence of defendant officers for approximately twenty minutes, before he was provided a blanket to cover himself with and thereafter made to sit handcuffed in the living room for approximately one and a half hours, before he was allowed to dress, despite his repeated requests to be allowed to put on clothes.

23. The defendant officers' actions, in forcing plaintiffs to sit naked, or semi-naked, for prolonged periods of time and, in the case of PAGAN, unnecessarily and unreasonably forced to walk clothed only in a sheer top in front of male officers, violated the plaintiffs' right to privacy, and was otherwise unreasonable and needlessly humiliating.

24. After the defendant ESU officers made entry, they were joined by additional defendant officers, JOHN USKE, Captain JOHN BRESLIN, Sergeant DAVID CHEESEWRIGHT, LEONARD CLARKE, ANDREW KAMNA, LAWRENCE HOTALING, KELLAN O'NEILL, GERARD FENTON, and CHRISTOPHER GRIFFITH, who executed the search warrant.

25. While detained in the living room, plaintiff PAGAN requested that she be permitted to use the bathroom.

26. In response, one of the defendant search warrant officers escorted her to the bathroom, and against protocol and otherwise unreasonably pushed his way into the bathroom with plaintiff PAGAN, locked the door, pushed plaintiff PAGAN's back against a wall, so they were facing each other, and proceeded to interrogate plaintiff in a highly intimidating and threatening manner.

27. The defendant officer questioned plaintiff PAGAN about a gun, asked her where the gun was, and stated, in sum and substance, that if she told him where the gun was she would not be taken to the precinct. When plaintiff PAGAN responded by telling the officer, in sum and substance, that she did not live there and was a visitor, and did not know anything, the defendant officer continued to raise his voice at plaintiff, further scaring and intimidating her.

28. Eventually, a defendant officer, believed to hold a supervisory rank, intervened by knocking on the bathroom door. The defendant officer in the bathroom then opened the bathroom door and when he was asked what he was doing, admitted he knew he should not be in the bathroom alone with plaintiff PAGAN.

29. Plaintiff PAGAN returned to living room, further traumatized by the defendant officer's treatment in the bathroom, and even more uncomfortable with respect to the revealing clothes she was wearing and the mistreatment she had been subjected to thus far. Thankfully, the mother of the individual plaintiffs were visiting, who was also present in the apartment, but who was not arrested, was permitted to loan plaintiff PAGAN leggings.

30. Although defendants knew that plaintiffs did not reside at the location and that plaintiffs were not the target of the search warrant, they nonetheless continued plaintiffs' arrests despite there being no reasonable basis to believe that the plaintiffs possessed any contraband or had otherwise committed any crime or offense.

31. Plaintiffs were imprisoned in a police van and transported to the 84th Police Precinct and imprisoned therein.

32. The defendant officers continued to imprison plaintiff PAGAN for approximately two to three more hours at the precinct, before voiding her arrest, and releasing her without any charges lodged against her.

33. The defendant officers continued to imprison plaintiff BURTON until February 28, 2018, when plaintiff BURTON was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2018KN010541; said charges having been filed based on the false allegations of the defendant officers.

34. The defendant officers initiated said prosecution against plaintiff BURTON with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

35. Defendant police officers created and manufactured false evidence which defendant JOHN USKE conveyed to the Kings County District Attorney's office, which used same against plaintiff BURTON in the aforementioned legal proceeding. Specifically, defendant JOHN USKE falsely informed attorneys with the Kings County District Attorney's Office that plaintiff possessed items for forging checks and marijuana, and that plaintiff had purportedly made an incriminating statement regarding the marijuana. These allegations were all false and resulted in a deprivation of plaintiff's liberty.

36. As a result of the defendants' misconduct, plaintiff BURTON was released after his arraignment into a supervised release program, which required plaintiff BURTON to complete an initial intake, an assessment, and to meet in-person once a month, and call the program twice monthly, during the pendency of the baseless criminal case.

37. In addition, as a result of the defendants' actions, plaintiff BURTON was compelled to return to court on at least three occasions, until August 31, 2018, when all charges lodged against him were dismissed and sealed.

38. Defendants STEPHEN DALY, JOHN BRESLIN, and DAVID CHEESEWRIGHT held supervisory ranks, and participated in, oversaw, and otherwise

sanctioned the unlawful conduct described herein.

39. Defendants JOHN USKE, STEPHEN DALY, MATTHEW VAHEY, PATRICK BARRY, LENNO HENDRICKS, SHAWN SOLER, KENNETH PAEK, DANIEL KEANE, DENNIS MOGELNICKI, ERIC MILLER, "JOHN" RICHARDSON, JOHN BRESLIN, DAVID CHEESEWRIGHT, LEONARD CLARKE, ANDREW KAMNA, LAWRENCE HOTALING, KELLAN O'NEILL, GERARD FENTON, CHRISTOPHER GRIFFITH, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

40. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of failing to train, monitor, or discipline officers with respect to the legal requirements to obtain and execute no-knock warrants, the probable cause required to arrest individuals present during search warrant executions, and with respect to a *de facto* policy of falsification to support said arrests.

41. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants arrests individuals without probable cause during search warrant executions, and engage in a practice of falsification to justify unlawful arrests.

42. For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

43. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

44. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

45. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

46. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. As a result of the foregoing, plaintiffs sustained, *inter alia*, deprivation of their liberty, violation of their privacy, physical pain and suffering, emotional distress, and deprivation of their constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Right to Privacy under 42 U.S.C. § 1983 against the Individually Named Defendants Officers

50. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant officers violated plaintiffs' right to privacy in their naked or semi-naked bodies, by failing to allow them to dress for an extended period of time, revealing their naked bodies to multiple male officers, and by forcing plaintiff PAGAN to walk partially naked in front of multiple male officers.

52. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search and Seizure under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendant officers subjected plaintiffs to unreasonable search and seizure based on the manner and scope of the search of the premises and the conditions of the search, including prolonged exposure of plaintiffs' unclothed or semi-clothed bodies, and employing unreasonable interrogation tactics, in violation of plaintiff's rights under 42 U.S.C. § 1983.

55. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendant Officers</u>)

56. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant officers arrested plaintiffs EDUARDO BURTON and DAJANIC PAGAN without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

58. Defendant officers caused plaintiffs EDUARDO BURTON and DAJANIC PAGAN to be falsely arrested and unlawfully imprisoned.

59. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against the Individually Named Defendants Officers)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff EDUARDO BURTON.

62. Defendants caused plaintiff EDUARDO BURTON to be prosecuted without any probable cause until the charges were dismissed on or about August 31, 2018.

63. As a result of the foregoing, plaintiff EDUARDO BURTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendant officers created false evidence against plaintiff EDUARDO BURTON.

66. Defendant JOHN USKE utilized this false evidence against plaintiff EDUARDO BURTON in legal proceedings.

67. As a result of defendants' creation and use of false evidence, which defendant JOHN USKE conveyed to the Kings County District Attorney's Office plaintiff EDUARDO BURTON suffered a deprivation of his liberty and a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

68. As a result of the foregoing, plaintiff EDUARDO BURTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants Officers)

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants had an affirmative duty to intervene on behalf of plaintiffs EDUARDO BURTON and DAJANIC PAGAN, whose constitutional rights were being violated in their presence by other officers.

71. The defendants failed to intervene to prevent the unlawful conduct described herein.

72. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN were falsely arrested, their right to privacy was violated, and plaintiff BURTON was denied his right to a fair trial, and maliciously prosecuted.

73. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individually Named Supervisory Defendant Officers)

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.  The supervisory defendants personally caused plaintiffs' constitutional injury by participating in, *inter alia*, plaintiffs' unreasonable search and seizure, violation of privacy, and unlawful arrests, and being deliberately or consciously indifferent to plaintiffs' rights in failing to properly supervise and train their subordinate employees.

76.  As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

77.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.  The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to arresting individuals present during search warrant executions without probable cause, and with respect to a *de facto* policy of falsification to support said arrests.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees with respect to the arrest of individuals during search warrant executions that was the moving force behind the violation of plaintiffs EDUARDO BURTON and DAJANIC PAGAN'S

rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs EDUARDO BURTON and DAJANIC PAGAN.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs EDUARDO BURTON and DAJANIC PAGAN as alleged herein.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs EDUARDO BURTON and DAJANIC PAGAN as alleged herein.

83.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs EDUARDO BURTON and DAJANIC PAGAN were unlawfully seized, detained, imprisoned, searched, and/or prosecuted.

84.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs EDUARDO BURTON and DAJANIC PAGAN'S constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff EDUARDO BURTON and DAJANIC PAGAN of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from malicious prosecution;

    C.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

86. As a result of the foregoing, plaintiffs EDUARDO BURTON and DAJANIC PAGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

87. Plaintiff EDUARDO BURTON repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Within ninety (90) days after the claim herein accrued, plaintiff EDUARDO BURTON duly served upon, presented to, and filed with the CITY OF NEW YORK a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

89. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

90. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

91. Plaintiff EDUARDO BURTON has complied with all conditions precedent to maintaining the instant action.

92. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

93. Plaintiff EDUARDO BURTON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff EDUARDO BURTON.

95. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96. Defendants caused plaintiff EDUARDO BURTON to be prosecuted without probable cause until the charges were dismissed on or about August 31, 2018.

97. As a result of the foregoing, plaintiff EDUARDO BURTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs EDUARDO BURTON and DAJANIC PAGAN demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: New York, New York
   October 21, 2020

             BRETT H. KLEIN, ESQ., PLLC
             Attorneys for Plaintiff EDUARDO BURTON and
             DAJANIC PAGAN
             305 Broadway, Suite 600
             New York, New York 10007
             (212) 335-0132

         By: _____
             BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

EDUARDO BURTON and DAJANIC PAGAN,

                                              Plaintiffs,

    -against-                                                 19 CV 06677
                                                                (PKC) (ST)

CITY OF NEW YORK, JOHN USKE, Individually,
STEPHEN DALY, Individually, MATTHEW VAHEY,
Individually, PATRICK BARRY, Individually,
LENNO HENDRICKS, Individually, SHAWN SOLER,
Individually, KENNETH PAEK, Individually DANIEL KEANE,
Individually, DENNIS MOGELNICKI, Individually,
ERIC MILLER, Individually, "JOHN" RICHARDSON,
Individually, JOHN BRESLIN, Individually,
DAVID CHEESEWRIGHT, Individually, LEONARD CLARKE,
ANDREW KAMNA, Individually, LAWRENCE HOTALING,
KELLAN O'NEILL, Individually, GERARD FENTON,
Individually, CHRISTOPHER GRIFFITH, Individually,
JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132